**Hajredin PEROVIC, Senada Perovic, Petitioners,**

v.

**UNITED STATES ATTORNEY GENERAL, Alberto Gonzales, Respondents.**

Nos. 04–3435–AG (L), 04–3436(CON) NAC.

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

Gregory Marotta, Belle Mead, New Jersey, for Petitioner.

Paula D. Silsby, United States Attorney for the District of Maine, William J. Schneider, Assistant United States Attorney, Portland. Maine, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby GRANTED, the BIA's order is VACATED, and the case is REMANDED

for further proceedings consistent with this opinion.

In June 2002, Perovic, an ethnic Albanian and native of Montenegro, filed an application for asylum, withholding of removal and CAT relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

The IJ determined that the background material in the record did not corroborate Perovic's allegations. The IJ cited the U.S. Department of State country reports to illustrate that the situations for Albanians in Montenegro is quite different than it is in Serbia or the rest of the Federal Republic of Yugoslavia. The IJ's decision, however, did not address Perovic's fear that he would be killed in Montenegro as a consequence of his draft evasion. The IJ simply discussed the changes in Montenegro regarding discrimination against ethnic Albanians.

Forced conscription can constitute persecution if the applicant would be subject to a disproportionate punishment for failing to serve, on account of a protected ground. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). Pervovic's claim falls under the first prong in *Islami*, but the IJ failed to discuss the reasons that Perovic would not be subjected to disproportionate punishment for failing to serve and made no finding that changed country conditions would obviate any fear of persecution based on failing to serve. Perovic's claim for well-founded fear of persecution is based on the repercussions of his draft evasion, yet the IJ skipped over the analysis entirely.

Vacatur is appropriate here because "the erroneous aspects of the IJ's reasoning are not tangential to the findings ... [and] the evidence supporting [those] findings is not so overwhelming" as to make remand futile. *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). The IJ's failure to address Perovic's claim that he feared returning to Montenegro because he evaded the draft was not tangential. Additionally, the evidence in the record does not so overwhelmingly support the IJ's decision that there is no realistic possibility of a different outcome.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this opinion. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).